# Linklaters

Linklaters LLP
1345 Avenue of the Americas
New York, NY 10105
Telephone (+1) 212 903 9105
Facsimile (+1) 212 903 9100
larry.byrne@linklaters.com

The Honorable Loretta A. Preska
United States District Judge
United States Courthouse
500 Pearl Street, Room 1320
New York, New York 10007

**By ECF/By Hand**                                          February 21, 2008

Re: <u>Barclays Bank PLC v. Bear Stearns Asset Management Inc. et al. (No. 07-cv-11400-LAP)</u>

Dear Judge Preska:

  Plaintiff, Barclays Bank PLC ("Barclays"), by its attorneys, Linklaters LLP, writes to request reconsideration and modification of the February 7, 2008, order entered sua sponte by the Court in this matter (the "February 7 Order"),[1] and in response to defendants' letter dated February 14, 2008 (copy attached). The February 7 Order provides:

> [T]o the extent that any Defendant intends to move to dismiss the complaint, that Defendant shall so inform Plaintiff by letter no later than February 14 of all perceived deficiencies in the Complaint. Within one week of the date of any such letter, Plaintiff shall inform the relevant Defendant whether it wishes to stand on the Complaint as it now appears, without any further opportunity to amend, or to amend the Complaint, with no opportunity for amendment thereafter.

  Barclays' complaint, which concerns defendants' conduct in securing and maintaining Barclays' participation in a Bear Stearns hedge fund structure in 2006 and 2007, was filed on December 19, 2007. Barclays seeks to recover large financial losses caused by defendants' conduct that only became apparent in the summer of 2007. According to numerous recent news reports and filed

---

[1] This letter also is respectfully intended to preserve Barclays' objection to the February 7 Order – as the Court of Appeals for the Second Circuit has indicated that a party should – in case there is any future dispute or appeal about Barclays' ability to amend its complaint as this litigation progresses. The Second Circuit has used a plaintiff's failure to object to a similar order entered by Your Honor as a factor in rejecting an appeal from denial of leave to file a third amended complaint, see Endovasc, Ltd. v. J.P. Turner & Co., LLC, 169 Fed. Appx. 655, 657-58 (2d Cir. 2006) (cited as example and not for precedential effect) (copy attached). Another similar order is currently on appeal in Masters v. GlaxoSmithkline, PLC (No. 06-5140-cv; S.D.N.Y. No. 05-cv-3751-LAP) and the defendants there are arguing waiver by plaintiffs' contemporaneous acquiescence to the order. Though Barclays is confident that its issues will be appropriately resolved in this Court, it must nonetheless preserve its rights by this formal objection for purposes of any possible appeal.

Linklaters LLP is a multinational limited liability partnership registered in England and Wales with registered number OC326345 including solicitors of the Supreme Court of England and Wales, members of the New York Bar and foreign legal consultants in New York. It is a law firm regulated by the Solicitors Regulation Authority. The term partner in relation to Linklaters LLP is used to refer to a member of Linklaters LLP or an employee or consultant of Linklaters LLP or any of its affiliated firms or entities with equivalent standing and qualifications. A list of the names of the members of Linklaters LLP together with a list of those non-members who are designated as partners and their professional qualifications is open to inspection at its registered office, One Silk Street, London EC2Y 8HQ, England or on www.linklaters.com.

Please refer to www.linklaters.com/regulation for important information on our regulatory position.

# Linklaters

actions, defendants' conduct also has triggered regulatory and criminal investigations by state and federal agencies, as well as other civil actions, all of which are in their initial stages. Even in the short time since Barclays filed its complaint, additional relevant information related to this dispute and those investigations has become public.

After Barclays served and filed the complaint, the Court, by Judge P. Kevin Castel, so ordered, on January 9, 2008, the parties' stipulated schedule setting defendants' time to respond to the complaint to February 29, 2008, with plaintiff's opposition to any motion to dismiss due 60 days later.

The February 7 Order, thus, was entered less than two months after Barclays filed suit, and after no delay on Barclays' part. It issued before Barclays received motions to dismiss or amended its complaint; before the parties met for their Rule 26(f) planning conference; and before the Court established an overall schedule for the key phases of the litigation pursuant to Rule 16(b).

Barclays appreciates that the intent of the February 7 Order is to move this case forward in an efficient and timely manner, and is prepared to continue to work with the defendants and the Court to that end. We also know that Your Honor has issued orders in previous cases that are in some respects similar to the February 7 Order. Those previous orders more often issued, however, at a later stage in the proceedings – namely, after plaintiff already had exercised its right to amend the complaint; the defendant had circulated a full motion to dismiss; and/or the parties had completed their Rule 26(f) planning conference or at least conferred with the Court and the Court had issued a more comprehensive scheduling order.[2]

As a result, Barclays believes the February 7 Order requires modification because given the very early juncture at which it was imposed and under the particular circumstances of this case, it conflicts with the Federal Rules of Civil Procedure. We respectfully submit that the February 7 Order, as presently worded, (i) infringes upon Barclays' rights under Rule 15(a) to amend its complaint once as "a matter of course . . . ." and thereafter upon motion for leave to amend; and (ii) prematurely sets an extremely short and absolute time limit on any amendment of the complaint, contrary to the scheduling process set forth in Rule 16(b).

Rule 15(a)(1)(A) provides that a "party may amend its pleading once as a matter of course ... before being served with a responsive pleading." Subject to pretrial scheduling under Rule 16(b), discussed below, "plaintiff's right to amend the complaint once as of right may be described as 'absolute.'" Gaming Marketing Solutions, Inc. v. Cross, No. 07-cv-4624-RJS, 2007 WL 4562914, *3 (S.D.N.Y. Dec. 17, 2007) (citing Frawley v. Gen. Elec. Co., No. 06-cv-15395-CM, 2007 WL 656857, *2 (S.D.N.Y. Mar. 1, 2007)). Under Rule 15(a), a plaintiff can exercise this "as of right" amendment at its option. It is well established that a plaintiff can wait to amend until after defendants have filed a motion to dismiss and then address the full array and detail of defendants' arguments through expanded or otherwise amended pleading (even if plaintiff believes that the original complaint should survive defendants' motion). See Barbara v. N.Y. Stock Exchange, Inc., 99 F.3d 49, 56 (2d Cir. 1996) (noting

---

[2] Indeed, the similar scheduling orders in Endovasc came after the Endovasc plaintiff had already amended once on its own initiative and apparently required defendants (or defendants chose) to show plaintiff a full draft motion to dismiss before any second and final amendment by plaintiff. See Endovasc, Ltd. v. J. P. Turner & Co. LLC, No. 02-cv-07313-LAP, 2004 WL 634171, *1 (S.D.N.Y. March 30, 2004). In Masters, the initial complaint was filed in April 2005, a consolidated amended complaint was filed in August 2005, and the provisions that resemble the February 7 Order governed any further amendment and were included in a stipulated scheduling order signed by the parties. See No. 05-cv-03751-LAP, Docket Entry #8.

# Linklaters

that a motion to dismiss is not a responsive pleading and holding that, after such a motion, "Barbara was entitled to amend his complaint as a matter of right without leave of the district court"); Cooper v. Coldwell Banker, No. 07-cv-01208, 2007 WL 4792982, *2 (W.D. La. Dec. 3, 2007) ("A plaintiff's best response to a motion to dismiss is often an amended complaint").

Even after filing a responsive pleading or amended complaint as a matter of course, Rule 15(a)(2) goes on to provide that a court's leave to amend should be freely given at any time when justice so requires. The Supreme Court has made clear that leave to amend cannot be denied without reason (as the February 7 Order would seem to do) or without regard to what the facts might show at subsequent stages of this case.[3] See Forman v. Davis, 371 U.S. 178, 182 (1962) ("outright refusal to grant the leave [to amend] without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules").

In addition, Rule 16(b) states that the Court, after receiving the parties' report in accordance with Rule 26(f) or otherwise consulting with the parties' attorneys, in the overall scheduling order that emerges from the conference, will "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Barclays is mindful that the Court has the power and obligation to set a final deadline for amending pleadings. Rule 16(b) explicitly contemplates, however, that such deadline will not be set until the Court confers with the parties and plans the overall schedule of the litigation.[4]

Accordingly, Barclays requests two alterations in the February 7 Order that can easily ameliorate any inconsistency with those rules:

First, Barclays requests a revised order memorializing that Barclays will exercise its "as of right" amendment within 60 days after February 29, 2008, and directing defendants, on February 29, 2008, to provide Barclays with their extant and full motions to dismiss (as occurred in the Endovasc case, see note 2 supra). This will not prejudice defendants as they already have agreed to file motions to dismiss by February 29, 2008 (based on an extension of time the defendants previously requested and Barclays previously consented to), and that deadline remains in place. In short, to push this case forward, Barclays is willing to commit to exercise its "as of right" amendment after receiving those motions. We respectfully request 60 days in which to do so not only to address defendants' motions in their full articulation, but also to have a reasonable period in which to further investigate and absorb the ongoing stream of recent revelations related to defendants' illegal conduct, especially from the ongoing Government investigations and inquiries, that may allow plaintiff to plead its claims with even greater particularity than it has already done in the current 75-page complaint.

If this does not occur, the February 7 Order will require Barclays immediately to exercise its "as of right" and purportedly final amendment to its complaint only shortly after it filed its original complaint,

---

[3] Barclays is respectfully unaware of precedent for an *absolute cutoff* on potential amendments to a complaint within a matter of weeks of its initial filing in a context like this one – a large financial dispute that is part of a larger, still unfolding financial scandal. Indeed, even though the Court has issued similar orders in the past, Barclays has found none where it was the very first action taken in the history of a complex case -- i.e., it was issued before an initial amendment by plaintiff or scheduling conference which considered the overall trajectory of the litigation.

Moreover, in several prior cases where this Court has entered an order worded similarly to the February 7 Order, the Court has later considered motions to amend and considered them under the Rule 15(a)(2) standard. Though Barclays hopes that also would be true here, the explicit language of the February 7 Order is to the contrary.

[4] The February 7 Order is not a formal Rule 16(b) scheduling order, for it did not follow Rule 16's specified process and does not contain its mandated contents. We respectfully submit that the February 7 Order also should be revised to avoid confusion with the subsequent comprehensive pretrial scheduling order that the Court will issue under Rule 16.

# Linklaters

which alleges many complex claims against multiple defendants regarding activities that are the subject of breaking news reports (based, in part, on public disclosures and reports by the defendants and various federal and state regulators). To do this, Barclays would have the benefit of only a perfunctory deficiencies letter from the corporate defendants that is little more than a single page transmitted to Barclays by all the Bear Stearns entities together.[5]

Second, Barclays requests that the Court remove any language about further opportunities to amend from the February 7 Order and simply defer consideration of an ultimate deadline for any potential further amendments until the Rule 16(b) scheduling conference, which is due to take place by mid-April.[6]

Here, as the Federal Rules of Civil Procedure provide, Barclays requests that it be permitted to exercise its right to amend its complaint -- if not at its choosing before a responsive pleading is filed, then after receiving defendants' motions to dismiss; and to seek leave to amend thereafter in accordance with Rule 15(a)(2) and any later deadline set pursuant to Rule 16(b). We respectfully submit that this sequence is especially proper and necessary for fairness in a complex case with an evolving factual backdrop like the one surrounding the Bear Stearns hedge fund failures.[7]

Respectfully submitted,

*Lawrence Byrne*

Lawrence Byrne

encl.

cc: Charles C. Platt, Esq.
    Edward J.M. Little, Esq.
    Nina Beattie, Esq.
    Catherine L. Redlich, Esq.

---

[5] Defendants Cioffi and Tannin did not provide any letter to Barclays, though the Bear Stearns entities' letter states that those defendants are "expect[ed]" to join a motion to dismiss. Cioffi and Tannin thus failed to comply with the Court's order that "to the extent that any Defendant intends to move to dismiss the Complaint, that Defendant shall so inform Plaintiff by letter ...." The Bear Stearns letter does not even address the claims specifically pled against Cioffi and Tannin, nor does it offer any specifics of what they might argue. Even for some of the claims discussed in the Bear Stearns letter, its description of the "deficiencies" is merely conclusory – e.g., "the allegations of the elements of conspiracy and aiding and abetting are insufficient."

[6] Once a Rule 16(b) deadline for the parties' amendment of pleadings is in place and that deadline passes, any party seeking to amend would then have to meet the Rule 16(b)(4) standard of "good cause" in addition to meeting the Rule 15(a) standard.

[7] In the event the Court denies this request for reconsideration or modification, Barclays, in compliance with the February 7 Order, will amend its complaint, and requests 60 days from notice of the Court's decision to file its first amended complaint.

# WILMERHALE

February 14, 2008

**Charles C. Platt**

+1 212 230 8860 (t)
+1 212 230 8888 (f)
charles.platt@wilmerhale.com

By E-Mail

Lance Croffoot-Suede, Esq.
Linklaters LLP
1345 Avenue of the Americas
New York, NY 10105

Re: *Barclays Bank PLC v. Bear Stearns Asset Management Inc., et al.*, No. 07 CV 11400 (LAP)

Dear Lance:

      As required by Judge Preska's February 7, 2008 order, we write to set forth the deficiencies in the Complaint that we expect to form the basis of our February 29, 2008 motion to dismiss. We expect that the individual defendants, Ralph Cioffi and Matthew Tannin, will join in this motion. We use the same defined terms here as are used in the Complaint.

      1.    The Complaint purports to allege several claims based on supposed misstatements and omissions concerning the management and performance of the Fund. These allegations are deficient for a variety of reasons, including (a) the absence of reasonable reliance on the alleged misstatements or omissions (and with respect to the promissory estoppel claim), in light of the extensive risk disclosures and disclaimers of reliance on such communications in the Fund documentation, Barclays' obvious sophistication as an investor, and the publicly-known facts about the meltdown in the structured credit market in late 2006 and the first half of 2007; (b) the failure to allege facts sufficient to support an inference of falsity or *scienter* under Federal Rule of Civil Procedure 9(b) at the time the statements are said to have been made; (c) the absence of sufficient allegations of loss causation linking the misstatements and omissions to the loss, especially in light of the fully-disclosed risks and the broad collapse of the credit markets; and (d) the absence of allegations of particular actions that Barclays would have taken in 2007 absent the alleged misstatements and omissions. In addition, certain of these claims are preempted by New York's Martin Act, and all claims based on the Investment Guidelines and Reporting Requirements are barred by settled law that precludes converting contract claims into tort or quasi contract claims.

      2.    The Complaint purports to allege claims based on alleged breaches of fiduciary or other special duties owed by BSAM and the individual defendants to Barclays. These claims are deficient because neither BSAM nor the individual defendants owed Barclays any such duty. Further, any claim that a fiduciary duty existed under the circumstances alleged in the Complaint is foreclosed by the Fund documentation and case law, both of which make clear that an investment manager's fiduciary duty runs to the fund, and not to investors in the fund. The exculpation and indemnification provisions in the Fund documents also bar these claims.

February 14, 2008

       3.    The Complaint asserts conspiracy and aiding and abetting claims against Bear, Stearns & Co. Inc. and The Bear Stearns Companies Inc., among others. In addition to being substantively deficient for the reasons given above, these claims also fail because (1) the alleged co-conspirators Bear, Stearns & Co. Inc. and The Bear Stearns Companies Inc. are not even alleged to have owed a fiduciary duty to Barclays, as the law requires; (2) the claims are duplicative in part of the alleged breach of fiduciary duty claim (count 5); and (3) the allegations of the elements of conspiracy and aiding and abetting are insufficient with regard to Bear, Stearns & Co. Inc. and The Bear Stearns Companies Inc.

       In addition to the foregoing, the Complaint is also deficient for failing to plead an adequate basis under New York law for punitive damages, and in purporting to seek a jury trial when the Fund documents expressly waive a jury trial.

       Per Judge Preska's order, please let us know by February 21, 2008 whether Barclays intends to stand on the Complaint as currently formulated, or instead intends to amend the Complaint.

                                                                 Sincerely,

                                                                 Charles C. Platt /aks

                                                                 Charles C. Platt

cc: Edward J.M. Little, Esq.
    Nina Beattie, Esq.

Westlaw.

169 Fed.Appx. 655                                                                                                    Page 1
169 Fed.Appx. 655, 2006 WL 558538 (C.A.2 (N.Y.))
**(Cite as: 169 Fed.Appx. 655)**

**H**
Endovasc, Ltd. v. J.P. Turner & Co., LLC
C.A.2 (N.Y.),2006.
This case was not selected for publication in the Federal Reporter.RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)", UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.Please use FIND to look at the applicable circuit court rule before citing this opinion. Second Circuit Rules § 0.23. (FIND CTA2 s 0.23.)

United States Court of Appeals,Second Circuit.
ENDOVASC, LTD., a Nevada Corporation,
Plaintiff-Appellant-Cross-Appellee,
v.
J.P. TURNER & CO., LLC, KCM Group, LLC, Keshet Fund, L.P., Nesher, Ltd., Talbiya B. Investments Ltd., Balmore Funds, S.A., David Grin, LH Financial Services Corp., Laurus Master Fund, Ltd., Laurus Capital Management, LLC., Celeste Trust Reg, Patrick Power, John Clark, Abraham Grin, Talbiya, Ltd., and Keshet Management, Inc., Defendants-Appellees-Cross-Appellants,
Kingdon Capital Management, LLC and Sichenzia Ross & Friedman, LLP, Defendants.
Nos. 04-2407-CV(L), 04-2591-CV(XAP), 04-2807-CV(XAP), 04-2723-CV(XAP).

March 8, 2006.

**Background:** In action asserting claims for securities fraud and breach of contract, the United States District Court for the Southern District of New York, Preska, J., dismissed complaint and denied defendants' motion for sanctions. Parties filed cross-appeals.

**Holdings:** The Court of Appeals held that:

(1) term sheet outlining equity financing scheme did not create enforceable obligation;

(2) fact issues remained as to whether seller of convertible preferred stock had complied with conditions precedent; and

(3) district court did not make adequate findings with regard to defendants' motion for sanctions.

Affirmed in part, vacated in part, and remanded.

West Headnotes

**[1] Contracts 95 €—25**

95 Contracts
    95I Requisites and Validity
        95I(B) Parties, Proposals, and Acceptance
            95k25 k. Agreement to Make Contract in Future. Most Cited Cases
Under New York law, term sheet outlining equity financing scheme did not create enforceable obliga-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

tion to provide financing, but was rather unenforceable agreement to agree.

**[2] Federal Civil Procedure 170A ⇌1831**

170A Federal Civil Procedure
　　170AXI Dismissal
　　　　170AXI(B) Involuntary Dismissal
　　　　　　170AXI(B)5 Proceedings
　　　　　　　　170Ak1827 Determination
　　　　　　　　　　170Ak1831 k. Fact Issues. Most Cited Cases
Issue of whether seller of convertible preferred stock had complied with conditions precedent involved fact question that could not be resolved on motion to dismiss seller's breach of contract action against buyers for failure to state claim.

**[3] Securities Regulation 349B ⇌157.1**

349B Securities Regulation
　　349BI Federal Regulation
　　　　349BI(E) Remedies
　　　　　　349BI(E)1 In General
　　　　　　　　349Bk157 Costs and Expenses; Attorneys' Fees
　　　　　　　　　　349Bk157.1 k. In General. Most Cited Cases
District court's statement, in denying defendants' motion for sanctions in securities fraud action, that it could not find "that the Complaint was filed for an improper purpose, that it presented a frivolous legal position or completely lacked evidentiary support" was not sufficiently specific to satisfy requirements of Private Securities Litigation Reform Act (PSLRA). Securities Exchange Act of 1934, § 21D(c), 15 U.S.C.A. § 78u-4(c).

*655 Appeal from the United States District Court for the Southern District of New York (Preska, J.).
UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED IN PART*656 and VACATED AND REMANDED IN PART.
Thomas I. Sheridan III (Andrea Bierstein, Melissa C. Welch), Hanly Conroy Bierstein & Sheridan LLP, New York, NY, for Plaintiff-Appellant-Cross-Appellee Endovasc Ltd, of counsel.
Theodore R. Snyder, Krebsbach & Snyder, P.C., New York, NY, for Defendants-Appellees-Cross-Appellants J.P Turner & Co., LLC, and Patrick Power.
Kenneth A. Zitter, New York, New York, for Defendants-Appellees-Cross-Appellants Balmore Funds, S.A., LH Financial Services Corp. and Celeste Trust Reg.
Hillary Richard (Dorothy Mitchell, Theresa Trzaskoma, Jennifer Barnett, on the brief), Brune & Richard, LLP, New York, New York, for Defendants-Appellees-Cross-Appellants KCM Group, LLC, Keshet Fund, L.P., Keshet, L.P., Nesher, Ltd., Talbiya B. Investments, Ltd., David Grin, Laurus Master Fund, Ltd., Laurus Capital Management, LLC, and John Clark.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges, and Hon. DAVID G. TRAGER, District Judge.[FN1]

　　FN1. The Honorable David G. Trager of the United States District Court for the Eastern District of New York sitting by designation.

AMENDED SUMMARY ORDER

**\*\*1** This case presents an appeal and cross-appeal from a judgment of the United States District Court for the Southern District of New York (Preska, J.) entered on April 2, 2004. Endovasc appeals the district court's dismissal of its Second Amended Complaint with prejudice, and defendants-appellees-cross-appellants' appeal the court's denial of its motion for sanctions. Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues.

First, the district court properly dismissed Endovasc's claims brought under section 10(b) of the Securities Exchange Act of 1934, Pub.L. No.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

73-291, 48 Stat. 881, 891 (codified at 15 U.S.C. § 78j(b)), and Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5, as well as its claims for common law fraud. As detailed in the district court's opinion, the Second Amended Complaint (1) failed to plead the security fraud claims with the particularity required by both section 101(b) of the Private Securities Litigation Reform Act of 1995 (the PSLRA), Pub.L. No. 104-67, 109 Stat. 737, 743-49 (enacting section 21D of Title I of the Securities Exchange Act of 1934 (codified at 15 U.S.C. § 78u-4)) and Rule 9(b) of the Federal Rules of Civil Procedure; (2) failed to plead the common law fraud claims with the particularity required by Rule 9(b); and (3) presented an "incomprehensible" claim of market manipulation. We therefore affirm the dismissal of these claims.

[1] Second, the district court erred, in part, in dismissing the breach of contract claims. The claims were based on the alleged breach of: (1) a "proposed term sheet" outlining an equity financing scheme of $15 million and (2) a contract to purchase $4.5 million of convertible preferred stock. The proposed term sheet, as Endovasc states in its brief, may have given rise to an obligation "to proceed in good faith to finalize the terms of a formal agreement to provide the equity line of credit," Appellant Brief at 53 (citing *Teachers Ins. & Annuity Assoc. of Am. v. Tribune Co.*, 670 F.Supp. 491, 498-99 (S.D.N.Y.1987)), but would not create an *657 enforceable obligation to provide $15 million in financing, *see Richbell Info. Servs., Inc. v. Jupiter Partners, L.P.*, 309 A.D.2d 288, 297, 765 N.Y.S.2d 575 (1st Dep't 2003) ("[T]he term sheet itself was labeled 'preliminary.' This is a classic example of an unenforceable 'mere agreement to agree.' "); *cf. John Hancock Mut. Life Ins. Co. v. Carolina Power & Light Co.*, 717 F.2d 664, 669 (2d Cir.1983) ("The Terms Sheet is only a summary and proposal."). The Second Amended Complaint, however, only asks for relief based on the breach of a contract to provide $15 million and never requests relief based on the breach of a contract to *negotiate* a $15 million financing arrangement in *good faith*. The Second Amended Complaint therefore does not state any legally cognizable claim for breach of the "proposed term sheet," and we affirm the district court's dismissal of the breach of contract claims insofar as they relate to the term sheet.

**2 [2] The other contract alleged in the Second Amended Complaint concerns a May 9, 2000, subscription agreement between Endovasc and defendants Talbiya B. Investments, Ltd., The Keshet Fund LP, Keshet LP, Celeste Trust Reg., Balmore Funds, S.A., and Nesher, Ltd. ("the May 9 signatories"). The remainder of the defendants-JP Turner & Co., Patrick Power, LH Financial Services, Laurus Master Fund, Laurus Capital Management, LLC, John Clark, David Grin, and Abraham Grin-were not parties to the contract, and we affirm the dismissal of the breach of contract claims against them. However, with regard to the May 9 signatories, the district court erred in dismissing Endovasc's claim for failure to allege its own performance under the contract. Endovasc had no obligation to tender shares of its convertible preferred stock in the absence of payment by the May 9 signatories. Defendants argue, alternatively, that Endovasc's Second Amended Complaint was deficient because it failed to allege compliance with certain conditions precedent. We reject this argument. We consider state law in construing the affirmative defense provisions of the Federal Rules, *see Roskam Baking Co. v. Lanham Machinery Co.*, 288 F.3d 895, 901 (6th Cir.2002); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1271 (3d ed.2004), and, under New York law, the failure of a plaintiff to comply with conditions precedent is an affirmative defense, *see* N.Y. C.P.L.R. 3015(a); *see also 1199 Housing Corp. v. Int'l Fidelity Ins. Co.*, 14 A.D.3d 383, 384, 788 N.Y.S.2d 88 (1st Dep't 2005). Accordingly, we vacate the district court's judgment insofar as it dismissed the breach of contract claims relating to the May 9 agreement against the May 9 signatories.

Third, the district court did not abuse its discre-

tion in denying Endovasc leave to amend. "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) [of the Federal Rules of Civil Procedure] is within the discretion of the trial court,"*Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971), and a district court may therefore properly deny leave to amend where a plaintiff has already been given "one opportunity to plead fraud with greater specificity,"*Luce v. Edelstein,* 802 F.2d 49, 56 (2d Cir.1986); *see also*6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1487, at 643-45 (3d ed. 2004) ("[I]f the court determines that plaintiff has had sufficient opportunity to state a claim but has failed to do so, leave to amend may be denied."). Here, the district court provided Endovasc an opportunity to amend its pleadings in light of defendants' dismissal papers, thus granting Endovasc an "opportunity to plead fraud with greater specificity,"*Luce,* 802 F.2d at 56. Moreover, Endovasc knew that the Second Amended *658 Complaint would serve as its "final amended complaint" and never objected to the district court's repeated orders that additional amendments would not be permitted. In these circumstances, the district court did not abuse its discretion in denying leave to amend.

**3 [3] Fourth, the district court erred by failing to make sufficient findings under section 27(c) of Title I of the Securities Act of 1933 as amended by section 101(a) of the PLSRA, 109 Stat. at 741-42 (codified at 15 U.S.C. § 78u-4(c)). Section 27(c)(1) requires courts to "include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion." 15 U.S.C. § 78u-4(c)(1). The district court's statement that it could not find "that the Complaint was filed for an improper purpose, that it presented a frivolous legal position or completely lacked evidentiary support," does not satisfy the requirements of section 27(c). *See Gurary v. Winehouse,* 190 F.3d 37, 47 (2d Cir.1999)(*Gurary I* ); *Gurary v. Winehouse,* 235 F.3d 792, 798 n. 6 (2d Cir.2000)(*Gurary II* ). "As the statute required the district court to make findings, we have no choice but to remand in order to permit it to do so." *Gurary I,* 190 F.3d at 47.

We have considered the remainder of Endovasc's arguments and find them to be without merit. For the reasons set forth above, the judgment of the district court is AFFIRMED IN PART and VACATED AND REMANDED IN PART.

C.A.2 (N.Y.),2006.
Endovasc, Ltd. v. J.P. Turner & Co., LLC
169 Fed.Appx. 655, 2006 WL 558538 (C.A.2 (N.Y.))

END OF DOCUMENT

**CERTIFICATE OF SERVICE**

       I, Ruth E. Harlow, an attorney duly admitted to practice law before this Court, certify under penalty of perjury that on February 21, 2008, I caused a true copy of the foregoing to be served via the Court's ECF system and by First Class mail and electronic means (e-mail) upon each of the following attorneys:

Charles C. Platt
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, New York 10022
charles.platt@wilmerhale.com

Nina Beattie
BRUNE & RICHARD LLP
80 Broad Street
New York, New York 10004
nbeattie@bruneandrichard.com

Edward J. M. Little
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
little@hugheshubbard.com

Catherine L. Redlich
DRISCOLL & REDLICH LLP
521 Fifth Avenue - Suite 3300
New York, New York 10175
credlich@driscollredlich.com


Dated: February 21, 2008
      New York, New York

                                           /s/ *Ruth E. Harlow*
                                          Ruth E. Harlow