# Linklaters

RECEIVED
FEB 22 2008
LORETTA A. PRESKA
U. S. DISTRICT JUDGE
S.D.N.Y.

Linklaters LLP
1345 Avenue of the Americas
New York, NY 10105
Telephone (+1) 212 903 9105
Facsimile (+1) 212 903 9100
larry.byrne@linklaters.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/25/08

The Honorable Loretta A. Preska
United States District Judge
United States Courthouse
500 Pearl Street, Room 1320
New York, New York 10007

*Denied*
*So ordered*
*Loretta A. Preska, USDJ*
February 21, 2008
February 22, 2008

**By ECF/By Hand**

Re: <u>Barclays Bank PLC v. Bear Stearns Asset Management Inc. et al.</u> (No. 07-cv-11400-LAP)

Dear Judge Preska:

Plaintiff, Barclays Bank PLC ("Barclays"), by its attorneys, Linklaters LLP, writes to request reconsideration and modification of the February 7, 2008, order entered <u>sua sponte</u> by the Court in this matter (the "February 7 Order"),[1] and in response to defendants' letter dated February 14, 2008 (copy attached). The February 7 Order provides:

> [T]o the extent that any Defendant intends to move to dismiss the complaint, that Defendant shall so inform Plaintiff by letter no later than February 14 of all perceived deficiencies in the Complaint. Within one week of the date of any such letter, Plaintiff shall inform the relevant Defendant whether it wishes to stand on the Complaint as it now appears, without any further opportunity to amend, or to amend the Complaint, with no opportunity for amendment thereafter.

Barclays' complaint, which concerns defendants' conduct in securing and maintaining Barclays' participation in a Bear Stearns hedge fund structure in 2006 and 2007, was filed on December 19, 2007. Barclays seeks to recover large financial losses caused by defendants' conduct that only became apparent in the summer of 2007. According to numerous recent news reports and filed

---

[1] This letter also is respectfully intended to preserve Barclays' objection to the February 7 Order – as the Court of Appeals for the Second Circuit has indicated that a party should – in case there is any future dispute or appeal about Barclays' ability to amend its complaint as this litigation progresses. The Second Circuit has used a plaintiff's failure to object to a similar order entered by Your Honor as a factor in rejecting an appeal from denial of leave to file a third amended complaint, see Endovasc, Ltd. v. J.P. Turner & Co., LLC, 169 Fed. Appx. 655, 657-58 (2d Cir. 2006) (cited as example and not for precedential effect) (copy attached). Another similar order is currently on appeal in Masters v. GlaxoSmithKline, PLC (No. 06-5140-cv; S.D.N.Y. No. 05-cv-3751-LAP) and the defendants there are arguing waiver by plaintiffs' contemporaneous acquiescence to the order. Though Barclays is confident that its issues will be appropriately resolved in this Court, it must nonetheless preserve its rights by this formal objection for purposes of any possible appeal.

Linklaters LLP is a multinational limited liability partnership registered in England and Wales with registered number OC326345 including solicitors of the Supreme Court of England and Wales, members of the New York Bar and foreign legal consultants in New York. It is a law firm regulated by the Solicitors Regulation Authority. The term partner in relation to Linklaters LLP is used to refer to a member of Linklaters LLP or an employee or consultant of Linklaters LLP or any of its affiliated firms or entities with equivalent standing and qualifications. A list of the names of the members of Linklaters LLP together with a list of those non-members who are designated as partners and their professional qualifications is open to inspection at its registered office, One Silk Street, London EC2Y 8HQ, England or on www.linklaters.com.

Please refer to www.linklaters.com/regulation for important information on our regulatory position.

# Linklaters

actions, defendants' conduct also has triggered regulatory and criminal investigations by state and federal agencies, as well as other civil actions, all of which are in their initial stages. Even in the short time since Barclays filed its complaint, additional relevant information related to this dispute and those investigations has become public.

After Barclays served and filed the complaint, the Court, by Judge P. Kevin Castel, so ordered, on January 9, 2008, the parties' stipulated schedule setting defendants' time to respond to the complaint to February 29, 2008, with plaintiff's opposition to any motion to dismiss due 60 days later.

The February 7 Order, thus, was entered less than two months after Barclays filed suit, and after no delay on Barclays' part. It issued before Barclays received motions to dismiss or amended its complaint; before the parties met for their Rule 26(f) planning conference; and before the Court established an overall schedule for the key phases of the litigation pursuant to Rule 16(b).

Barclays appreciates that the intent of the February 7 Order is to move this case forward in an efficient and timely manner, and is prepared to continue to work with the defendants and the Court to that end. We also know that Your Honor has issued orders in previous cases that are in some respects similar to the February 7 Order. Those previous orders more often issued, however, at a later stage in the proceedings – namely, after plaintiff already had exercised its right to amend the complaint; the defendant had circulated a full motion to dismiss; and/or the parties had completed their Rule 26(f) planning conference or at least conferred with the Court and the Court had issued a more comprehensive scheduling order.[2]

As a result, Barclays believes the February 7 Order requires modification because given the very early juncture at which it was imposed and under the particular circumstances of this case, it conflicts with the Federal Rules of Civil Procedure. We respectfully submit that the February 7 Order, as presently worded, (i) infringes upon Barclays' rights under Rule 15(a) to amend its complaint once as "a matter of course . . . ." and thereafter upon motion for leave to amend; and (ii) prematurely sets an extremely short and absolute time limit on any amendment of the complaint, contrary to the scheduling process set forth in Rule 16(b).

Rule 15(a)(1)(A) provides that a "party may amend its pleading once as a matter of course … before being served with a responsive pleading." Subject to pretrial scheduling under Rule 16(b), discussed below, "plaintiff's right to amend the complaint once as of right may be described as 'absolute.'" Gaming Marketing Solutions, Inc. v. Cross, No. 07-cv-4624-RJS, 2007 WL 4562914, *3 (S.D.N.Y. Dec. 17, 2007) (citing Frawley v. Gen. Elec. Co., No. 06-cv-15395-CM, 2007 WL 656857, *2 (S.D.N.Y. Mar. 1, 2007)). Under Rule 15(a), a plaintiff can exercise this "as of right" amendment at its option. It is well established that a plaintiff can wait to amend until after defendants have filed a motion to dismiss and then address the full array and detail of defendants' arguments through expanded or otherwise amended pleading (even if plaintiff believes that the original complaint should survive defendants' motion). See Barbara v. N.Y. Stock Exchange, Inc., 99 F.3d 49, 56 (2d Cir. 1996) (noting

---

[2] Indeed, the similar scheduling orders in Endovasc came after the Endovasc plaintiff had already amended once on its own initiative and apparently required defendants (or defendants chose) to show plaintiff a full draft motion to dismiss before any second and final amendment by plaintiff. See Endovasc, Ltd. v. J. P. Turner & Co. LLC, No. 02-cv-07313-LAP, 2004 WL 634171, *1 (S.D.N.Y. March 30, 2004). In Masters, the initial complaint was filed in April 2005, a consolidated amended complaint was filed in August 2005, and the provisions that resemble the February 7 Order governed any further amendment and were included in a stipulated scheduling order signed by the parties. See No. 05-cv-03751-LAP, Docket Entry #8.

# Linklaters

that a motion to dismiss is not a responsive pleading and holding that, after such a motion, "Barbara was entitled to amend his complaint as a matter of right without leave of the district court"); Cooper v. Coldwell Banker, No. 07-cv-01208, 2007 WL 4792982, *2 (W.D. La. Dec. 3, 2007) ("A plaintiff's best response to a motion to dismiss is often an amended complaint").

Even after filing a responsive pleading or amended complaint as a matter of course, Rule 15(a)(2) goes on to provide that a court's leave to amend should be freely given at any time when justice so requires. The Supreme Court has made clear that leave to amend cannot be denied without reason (as the February 7 Order would seem to do) or without regard to what the facts might show at subsequent stages of this case.[3]  See Forman v. Davis, 371 U.S. 178, 182 (1962) ("outright refusal to grant the leave [to amend] without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules").

In addition, Rule 16(b) states that the Court, after receiving the parties' report in accordance with Rule 26(f) or otherwise consulting with the parties' attorneys, in the overall scheduling order that emerges from the conference, will "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Barclays is mindful that the Court has the power and obligation to set a final deadline for amending pleadings. Rule 16(b) explicitly contemplates, however, that such deadline will not be set until the Court confers with the parties and plans the overall schedule of the litigation.[4]

Accordingly, Barclays requests two alterations in the February 7 Order that can easily ameliorate any inconsistency with those rules:

First, Barclays requests a revised order memorializing that Barclays will exercise its "as of right" amendment within 60 days after February 29, 2008, and directing defendants, on February 29, 2008, to provide Barclays with their extant and full motions to dismiss (as occurred in the Endovasc case, see note 2 supra). This will not prejudice defendants as they already have agreed to file motions to dismiss by February 29, 2008 (based on an extension of time the defendants previously requested and Barclays previously consented to), and that deadline remains in place. In short, to push this case forward, Barclays is willing to commit to exercise its "as of right" amendment after receiving those motions. We respectfully request 60 days in which to do so not only to address defendants' motions in their full articulation, but also to have a reasonable period in which to further investigate and absorb the ongoing stream of recent revelations related to defendants' illegal conduct, especially from the ongoing Government investigations and inquiries, that may allow plaintiff to plead its claims with even greater particularity than it has already done in the current 75-page complaint.

If this does not occur, the February 7 Order will require Barclays immediately to exercise its "as of right" and purportedly final amendment to its complaint only shortly after it filed its original complaint,

---

[3]  Barclays is respectfully unaware of precedent for an *absolute cutoff* on potential amendments to a complaint within a matter of weeks of its initial filing in a context like this one – a large financial dispute that is part of a larger, still unfolding financial scandal. Indeed, even though the Court has issued similar orders in the past, Barclays has found none where it was the very first action taken in the history of a complex case – i.e., it was issued before an initial amendment by plaintiff or scheduling conference which considered the overall trajectory of the litigation.

Moreover, in several prior cases where this Court has entered an order worded similarly to the February 7 Order, the Court has later considered motions to amend and considered them under the Rule 15(a)(2) standard. Though Barclays hopes that also would be true here, the explicit language of the February 7 Order is to the contrary.

[4]  The February 7 Order is not a formal Rule 16(b) scheduling order, for it did not follow Rule 16's specified process and does not contain its mandated contents. We respectfully submit that the February 7 Order also should be revised to avoid confusion with the subsequent comprehensive pretrial scheduling order that the Court will issue under Rule 16.

# Linklaters

which alleges many complex claims against multiple defendants regarding activities that are the subject of breaking news reports (based, in part, on public disclosures and reports by the defendants and various federal and state regulators). To do this, Barclays would have the benefit of only a perfunctory deficiencies letter from the corporate defendants that is little more than a single page transmitted to Barclays by all the Bear Stearns entities together.[5]

Second, Barclays requests that the Court remove any language about further opportunities to amend from the February 7 Order and simply defer consideration of an ultimate deadline for any potential further amendments until the Rule 16(b) scheduling conference, which is due to take place by mid-April.[6]

Here, as the Federal Rules of Civil Procedure provide, Barclays requests that it be permitted to exercise its right to amend its complaint -- if not at its choosing before a responsive pleading is filed, then after receiving defendants' motions to dismiss; and to seek leave to amend thereafter in accordance with Rule 15(a)(2) and any later deadline set pursuant to Rule 16(b). We respectfully submit that this sequence is especially proper and necessary for fairness in a complex case with an evolving factual backdrop like the one surrounding the Bear Stearns hedge fund failures.[7]

Respectfully submitted,

*Lawrence Byrne*

Lawrence Byrne

encl.

cc: Charles C. Platt, Esq.
    Edward J.M. Little, Esq.
    Nina Beattie, Esq.
    Catherine L. Redlich, Esq.

---

[5] Defendants Cioffi and Tannin did not provide any letter to Barclays, though the Bear Stearns entities' letter states that those defendants are "expect[ed]" to join a motion to dismiss. Cioffi and Tannin thus failed to comply with the Court's order that "to the extent that any Defendant intends to move to dismiss the Complaint, that Defendant shall so inform Plaintiff by letter ...." The Bear Stearns letter does not even address the claims specifically pled against Cioffi and Tannin, nor does it offer any specifics of what they might argue. Even for some of the claims discussed in the Bear Stearns letter, its description of the "deficiencies" is merely conclusory -- e.g., "the allegations of the elements of conspiracy and aiding and abetting are insufficient."

[6] Once a Rule 16(b) deadline for the parties' amendment of pleadings is in place and that deadline passes, any party seeking to amend would then have to meet the Rule 16(b)(4) standard of "good cause" in addition to meeting the Rule 15(a) standard.

[7] In the event the Court denies this request for reconsideration or modification, Barclays, in compliance with the February 7 Order, will amend its complaint, and requests 60 days from notice of the Court's decision to file its first amended complaint.