Lawrence Byrne
Lance Croffoot-Suede
Ruth E. Harlow
Brenda D. DiLuigi
LINKLATERS LLP
1345 Avenue of the Americas
New York, New York 10105
Tel: (212) 903-9000
Fax: (212) 903-9100

Attorneys for Plaintiff, Barclays Bank PLC

*Defense counsel listed on signature pages*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

BARCLAYS BANK PLC,

          Plaintiff,

       v.

BEAR STEARNS ASSET MANAGEMENT INC.,
RALPH CIOFFI, MATTHEW TANNIN, BEAR,
STEARNS & CO. INC., and THE BEAR
STEARNS COMPANIES INC.,

          Defendants.

----------------------------------------------------------x

07 Civ. 11400 (LAP)

**JOINT REPORT OF CONFERENCE
PURSUANT TO FED. R. CIV. P. 26(f)**

    Plaintiff, Barclays Bank PLC ("Plaintiff" or "Barclays"), and defendants Bear

Stearns Asset Management Inc., Ralph Cioffi, Matthew Tannin, Bear, Stearns & Co. Inc. and

The Bear Stearns Companies Inc. (collectively, "Defendants"), by and through their undersigned

counsel, jointly submit the following report to the Court pursuant to Federal Rule of Civil

Procedure 26(f).

    1.  Overview:  On March 25, 2008, counsel for the parties met and conferred on

discovery, and discussed the required topics under Rule 26(f).  Defendants' counsel advised

Plaintiff's counsel that they will seek a stay of discovery pending receipt of Plaintiff's amended complaint and the resolution of any motion to dismiss that complaint. Accordingly, this report summarizes the parties' progress to date on discovery issues, briefly previews the parties' positions regarding the propriety of an order staying discovery, and asks the Court to set a prompt briefing schedule on that motion, if it is inclined to permit the motion. Defendants believe that a motion to stay at this point would be appropriate and do not think that the merits of such a stay, or Defendants' ability to seek such a stay, should be briefed in this Report. Further, Defendants do not respond herein to any suggestion by Plaintiff in this Report that a motion for a stay cannot be made.

In light of the parties' disagreement with respect to timing for discovery, the parties are submitting separate proposed schedules for the Court's consideration.

2.    <u>Subjects and Timing for Completion of Discovery:</u>  The parties anticipate taking discovery on all claims and defenses asserted in this action, and that discovery should be conducted in two phases:  fact discovery and expert discovery. The parties disagree, however, on timing for commencing any such discovery.

Defendants submit that discovery should be stayed pending receipt of the anticipated amended complaint and the resolution of their likely motion to dismiss that complaint, for two reasons. First, because Plaintiff has indicated that the amended complaint will be similar to the original complaint in scope and substance, Defendants believe that, assuming this to be the case, substantial grounds exist to dismiss the action, rendering unnecessary and wasteful the costs of extensive document and deposition discovery. Second, and perhaps most importantly, the Bear Stearns defendants have recently been involved in a high-profile acquisition by JP Morgan Chase. As has been widely reported in the press, the

United States Federal Reserve, Treasury Department, and other federal regulators, including the SEC, took historic steps to facilitate this transaction in order to protect the U.S. financial system from the collateral effects of an anticipated Bear Stearns bankruptcy.   Until the transaction closes and during the transition thereafter, relevant Bear Stearns legal and business personnel will be principally focused on completing the transaction and assuring an orderly transition of businesses and employees, and thus unable to devote the necessary time and attention to this matter that it deserves.  Discovery in this action will distract them unnecessarily from their objectives, which federal regulators have repeatedly stated are the highest priority.   In addition, once the transaction is consummated there will be new decision-makers responsible for managing this action, including discovery, and they should be permitted a meaningful opportunity to learn the facts and establish appropriate lines of authority and communication.[1]

Plaintiff believes that the Court should permit discovery to go forward without any delay.  This Court has consistently refused to stay discovery absent compelling reasons for such relief – and no such reasons are present here.  First, the simple filing (or in this case, the anticipated filing) of a motion to dismiss, does not provide a basis for imposing a stay of the discovery process.  To the contrary, where, as here, a complaint asserts multiple grounds for liability against the defendants and offers significant factual support for those grounds, a stay is inappropriate.

Second, the proposed merger with JPMorgan Chase does not justify staying discovery.  Plaintiff is mindful of the significance of the merger, and in particular, the role of the

---

[1] JPMorgan Chase has disclosed that it intends to allocate $6 billion to cover "transaction costs" related to the merger, including not only litigation costs but also "[c]ost of de-leveraging," costs of "[c]onforming accounting," and costs of "[c]onsolidation – severance, technology and facilities."  See Investor Presentation, Mar. 16, 2008, available at http://files.shareholder.com/downloads/ONE/276283408x0x180609/8cbd90fb-0f16-4238-a908-e0a07a904682/JPM_Bear%20FINAL.pdf (last visited Apr. 8, 2008).

U.S. government in facilitating it. But the U.S. government has made clear that its support in that regard was motivated not by a desire to serve the interests of any particular Wall Street enterprise, but rather the need to safeguard the interests of the investing public by avoiding Bear Stearns' and a larger financial market collapse. No conceivable public interest would be served by permitting the Defendants to delay the prompt resolution of this or any of the other proceedings that have been brought against them (in this Court and elsewhere) by the numerous investors who claim to have been harmed by the Defendants' conduct. Indeed, Defendants' claims that this litigation must be stayed because it is ancillary to the proposed merger, and could be "distracting," is belied by JPMorgan Chase's disclosure that, as part of the merger, it intends to allocate $6 billion to resolve litigation such as this and to pay other costs. See Investor Presentation, Mar. 16, 2008, available at http://files.shareholder.com/downloads/ONE/276283408x0x180609/8cbd90fb-0f16-4238-a908-e0a07a904682/JPM_Bear%20FINAL.pdf (last visited Apr. 8, 2008). Bear Stearns and JP Morgan, in accordance with the U.S. government's focus on the investing public, are already preparing avidly to resolve litigations such as this one – not avoid them through a discovery stay. Moreover, the discovery that will be required for this case will not place undue burden on these Defendants. To the contrary, public disclosures make clear that the Defendants have already collected and produced information to certain governmental bodies in connection with pending investigations surrounding the collapse of the hedge funds that is at the heart of this action.

The parties jointly request that, if the Court is willing to entertain a motion to stay discovery, the Court set a briefing schedule for the motion as follows:

4

- Defendants' opening brief in support of a stay shall be filed two weeks from the later of the filing of the Court's scheduling order or the Plaintiff's amended complaint;

- Plaintiff shall submit its opposition papers within two weeks of the filing of the motion; and

- Defendants shall submit any reply papers within one week of the filing of Plaintiff's opposition.

If the Court does not permit the Defendants to file a motion for a discovery stay, or otherwise denies such a motion, Plaintiff respectfully requests that the Court adopt the following discovery and case management schedule (with fact discovery commencing immediately following entry of the Court's order denying a discovery stay):

| Within 30 days of commencement of fact discovery | Initial Disclosures to be Exchanged |
|---|---|
| December 15, 2008 | Close of Fact Discovery |
| December 15, 2008 | Last Day to Amend Pleadings and/or Join Additional Parties |
| February 13, 2009 | Barclays' Expert Report(s) Due |
| March 27, 2009 | Defendants' Expert Report(s) Due |
| April 24, 2009 | Barclays' Reply Expert Report(s) Due |
| May 22, 2009 | Deadline for Completion of Expert Depositions |
| July 31, 2009 | Dispositive Motions Due |
| September 25, 2009 | Responses to Dispositive Motions Due |
| October 30, 2009 | Replies on Dispositive Motions Due |
| February 1, 2010 | Pretrial Order Due |

| March 15, 2010 | Jury Trial Begins |
|---|---|

Defendants submit that, whenever discovery commences, the following schedule should apply (all time periods are periods from the start of the discovery period):

| 30 days | Initial Disclosures to be Exchanged |
|---|---|
| 30 days | Commencement of Fact Discovery |
| 60 days | Time to Join Additional Parties. (Defendants take the position, in light of the Court's February 6, 2008 Order, that no further amendments of the complaint are permitted). |
| 12 months | Completion of Written Fact Discovery and Completion of Fact Depositions |
| 14 months | Barclays' Expert Report(s) Due |
| 16 months | Defendants' Expert Report(s) Due |
| 17 months | Barclays' Reply Expert Report(s) Due |
| 18 months | Completion of Expert Depositions |
| 20 months | Dispositive Motions Due |
| 22 months | Opposition to Dispositive Motions Due |
| 23 months | Reply to Dispositive Motions Due |
| To Be Scheduled Pending Resolution of Dispositive Motions | Pretrial Order and Trial |

3.    Rule 26(a) Initial Disclosures:  The parties agree that Rule 26(a) initial disclosures should be exchanged at the commencement of fact discovery.

4.    Electronic Discovery:  The parties discussed electronic discovery, including the forms in which electronic discovery should be produced.  Plaintiffs have requested that electronic discovery be produced in native format.  The parties have agreed that they will meet

and confer further on the issue of form and scope of production (including, among other things, any issues raised by the parties' prior use of in-house databases) once the Court resolves the issue regarding whether discovery should proceed or be stayed for a certain period of time.

In the interim, the parties have agreed to investigate further the following with respect to their clients' records and to confer prior to the date fact discovery is scheduled to commence: (1) what are existing procedures for archiving relevant electronic files (including e-mails); (2) what types (if any) of formal document management systems exist for storing relevant documents; (3) what types (if any) informal document management and/or storage systems are used to store relevant documents; (4) what types (if any) of databases exist that would contain materials relevant to this litigation, including databases that are not at a particular party's offices; (5) which of the relevant databases are considered proprietary; and (6) what relevant documents, if any, are known by a party to exist but are not otherwise within the possession, custody, or control of such party.  Defendants also agreed to investigate and report back to Plaintiff regarding (1) an estimate of how much (if any) of the documentation that is potentially relevant to this action resides (or resided) with the prime broker, Bear, Stearns Securities Corp.; and (2) whether any of the corporate defendants share (or have shared) computer systems.  And Plaintiff agrees to investigate and report back to Defendant regarding (1) an estimate of how much (if any) of the documentation that is potentially relevant to this action resides (or resided) with Barclays Capital; and (2) whether the corporate plaintiff shares computer systems with Barclays Capital.

5.    <u>Changes in the limitations on discovery imposed under the FRCP:</u>  The parties anticipate that, based on the complexity of this litigation, the need may arise for changes in the limitations imposed on the number of depositions, length of depositions, and/or the number of

interrogatories. The parties have agreed to meet and confer further with respect to such limitations after the Court issues its ruling on timing for commencement of discovery.

6.    <u>Orders Under Rule 26(c)</u>:

<u>Treatment of Confidential Information:</u> The parties anticipate that a protective order will be necessary to preserve their respective confidential and/or sensitive business information. The parties have agreed to work together in an attempt to arrive at a Stipulated Protective Order to be submitted to the Court at the commencement of fact discovery.

<u>Inadvertent Disclosure of Privileged or Other Material Protected From Disclosure:</u> The parties have agreed that a "clawback" procedure would be appropriate for the return of privileged or other material protected from disclosure, and anticipate negotiating such a provision as part of a Stipulated Protective Order, as discussed above.

Dated: April 8, 2008
   New York, New York

*/s/ Lance Croffoot-Suede*

Lawrence Byrne
Lance Croffoot-Suede
Ruth E. Harlow
Brenda D. DiLuigi
LINKLATERS LLP
1345 Avenue of the Americas
New York, New York 10105
Tel: (212) 903-9000
Fax: (212) 903-9100

Attorneys for Plaintiff, Barclays Bank PLC

Dated: April 8, 2008
   New York, New York

*/s/ Charles C. Platt*

Charles C. Platt
Robert Trenchard
Anne Small
WILMER CUTLER PICKERING HALE &
DORR LLP
399 Park Avenue
New York, New York 10022
Tel: (212) 230-8800
Fax: (212) 230-8888

Attorneys for Bear Stearns Asset Management
Inc.; Bear, Stearns & Co. Inc.; and The Bear
Stearns Companies Inc.

Dated: April 8, 2008
   New York, New York

*/s/ Edward J.M. Little*

Edward J.M. Little
Jason A. Masimore
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Tel: (212) 837-6400
Fax: (212)299-6400

Attorneys for Ralph Cioffi

9

Dated:    April 8, 2008
          New York, New York                    */s/ Theresa Trzaskoma*
                                                _____
                                                Nina M. Beattie
                                                Theresa Trzaskoma
                                                BRUNE & RICHARD LLP
                                                80 Broad Street, 30th Floor
                                                New York, New York 10004
                                                Tel: (212) 668-1900
                                                Fax: (212) 668-0315

                                                Attorneys for Matthew Tannin