

WILMERHALE

May 12, 2008

**Charles C. Platt**

+1 212 230 8860 (t)
+1 212 230 8888 (f)
charles.platt@wilmerhale.com

**By Hand**

The Honorable Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1320
New York, NY 10007

Re:   *Barclays Bank PLC v.
       Bear Stearns Asset Management Inc., et al.*, No. 07 CV 11400 (LAP)

Dear Judge Preska:

    Pursuant to Your Honor's April 17, 2008 order, we write to set forth the deficiencies in the Amended Complaint that we expect to form the basis of our motion to dismiss. Counsel for the individual defendants, Ralph Cioffi and Matthew Tannin, have informed us that they intend to join in this motion. We use the same defined terms here as are used in the Amended Complaint.

    In an extended version of the initial pleading, the Amended Complaint repeats the same claims based on alleged misstatements and omissions concerning the management and performance of the Fund, and brings new causes of action based upon "fraudulent concealment." In the same way that mass does not mean weight, the hundreds of additional (and often repetitive) allegations produce many words, but no force. This added bulk has neither remedied the deficiencies in the existing claims, nor adequately stated new ones.

    1.    Barclays still has not adequately alleged misstatements or omissions regarding the risks, performance, liquidity, or management of the Fund, or alleged any reasonable reliance or promissory estoppel, in the face of the Fund documentation that is incorporated by reference in the Amended Complaint. That documentation shows extensive disclosures, disclaimers, and acknowledgements regarding the subjects on which Barclays now says it was "misled" and "deceived." That documentation and the Amended Complaint itself also acknowledge Barclays' own considerable investment savvy, the detailed Fund portfolio information that Barclays' received, and Barclays' own role in creating the alleged risk. The heavy emphasis in the Amended Complaint on Investment Guidelines, Reporting Requirements, "principal trading" violations in a different fund, and other extraneous allegations that do not govern the result here underscores how far Barclays must stretch in an attempt to address the disabling deficiencies of its earlier complaint.

The Honorable Loretta A. Preska
May 12, 2008
Page 2

2.      Barclays' additions in the Amended Complaint regarding certain alleged misstatements and omissions during the course of its investment in the Fund do not establish a link between the alleged acts and omissions and any loss. Indeed, Barclays' allegations of loss causation are contradicted by facts in the public record, and Barclays' own complaint, showing that the Fund's demise resulted from the overall collapse of the structured credit markets and the role of other creditors in the Fund, and that Barclays had no ability to unwind its leverage.

3.      The standards of particularity set forth in Federal Rule of Civil Procedure 9(b) are not satisfied by the Amended Complaint's passing references to *scienter*, and to its "fraud by hindsight" claim that Defendants' communications in 2007 regarding the Fund were knowingly false simply because certain of those communications later proved incorrect. Similarly, the Martin Act continues to preempt certain of these claims, and Barclays' reliance on the content of the Investment Guidelines and Reporting Requirements only further highlights that it cannot transform contract claims into tort or quasi-contract claims.

4.      The Amended Complaint also alleges claims based on purported breaches of fiduciary or other special duties owed by BSAM and the individual defendants to Barclays, one of the world's most sophisticated financial institutions. The fact that neither BSAM nor the individual defendants owed Barclays any such duty remains unchanged by Barclays' tactical attempt to cast itself here as a naïve and unwitting investor dependent on BSAM. Barclays continues to ignore the Fund documentation and case law, which establish that an investment manager's fiduciary duty runs to the fund, and not to investors in the fund, as well as the provisions in the Fund documents precluding its claims. Barclays cannot avoid that legal reality through the repeated incantation of words like "trust," "confidence," and "dependency."

5.      The Amended Complaint asserts conspiracy and aiding and abetting claims against Bear, Stearns & Co. Inc. and The Bear Stearns Companies Inc., among others. In doing so, the Amended Complaint alleges new connections between its investments and these entities. These claims remain substantively deficient for the reasons given above. Moreover, these claims also fail because the new allegations in the Amended Complaint do not establish any fiduciary duty owed to Barclays by the alleged co-conspirators Bear, Stearns & Co. Inc. and The Bear Stearns Companies Inc.

6.      The Amended Complaint remains deficient for failing to plead an adequate basis under New York law for punitive damages, and in purporting to seek a jury trial when the Fund documents expressly waive a jury trial.

The Honorable Loretta A. Preska
May 12, 2008
Page 3

      We respectfully request that Barclays advise us promptly if it intends to stand on the Amended Complaint as currently formulated, or instead intends to amend its Complaint a second time, as provided in the April 17 order.

                              Sincerely,

                              Charles C. Platt

CCP/cl

cc:    Lance Croffoot-Suede, Esq
        Edward J.M. Little, Esq
        Nina Beattie, Esq.

---

*[Handwritten order:]* Plaintiff shall inform Defendants by letter no later than May 28 whether it will stand on the Amended Complaint (with no further amendments) or amend one final time (with no amendments thereafter). If Plaintiff opts to amend one final time, such amendment shall be filed no later than June 2, 2008.

So Ordered
Loretta A Preska
USDJ

May 13, 2008